UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN M. BARTLETT, | No. 2:18-cv-3052 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| PAUL PENZONE, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, an Arizona, prisoner proceeding pro se, has filed what he describes as a petition for a writ of habeas corpus (ECF No. 1 & 9), together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus submitted by state prisoners and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

There are several, problems with petitioner's habeas petition. Most notably, the court does not have habeas jurisdiction because petitioner neither resides within this judicial district, nor does he appear to be incarcerated based upon any decision issued within this judicial district.

1

28 U.S.C. § 2241(d). Also, this court may entertain a petition for writ of habeas corpus only on the ground that the petitioner is in custody in violation of federal law. In his petition, petitioner asks that the court "open and investigation into attorney Dena Davis . . ." He does not seek earlier or immediate release.[1]

For these reasons, the court will recommend that petitioner's petition for writ of habeas corpus be summarily dismissed.

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 8) is granted; and

2. The Clerk of the Court shall assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

---

[1] At two places in his petition, petitioner suggests he seeks relief under the "All Writs Act," 28 U.S.C. § 1651. Under the "All Writs Act" courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions." The "All Writs Act" does not provide a basis for jurisdiction. Syngenta Crop Protection v. Henson, 537 U.S. 28, 33 (2002).

2

1 | McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within
2 | the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
3 | F.2d 1153 (9th Cir. 1991).
4 | Dated:  June 24, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9 | 1
10 | bart3052.frs